**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CHARLES MICHAEL STEELE,** ) | **CASE NO. 1:13 CV 1598** |
| ) | |
| **Plaintiff,** ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **MARY ELAINE HALL,** ) | **AND ORDER** |
| ) | |
| **Defendant.** ) | |

*Pro se* plaintiff Charles Michael Steele filed this civil rights and legal malpractice action against attorney Mary Elaine Hall. In his Complaint (Doc. # 1), plaintiff alleges Ms. Hall conspired with unidentified co-conspirators to deprive plaintiff of his Sixth Amendment right to effective assistance of counsel and his right to due process under the Fifth and Fourteenth Amendments during state court criminal proceedings. Specifically, plaintiff claims Ms. Hall's "negligent" representation resulted in his incarceration on a rape charge, which plaintiff claims was filed beyond the limitations period provided by state law. He seeks $250,000 in monetary damages. For the reasons that follow, this action is **DISMISSED**.

**I. BACKGROUND**

The Complaint is brief and contains little in the way of factual allegations. Plaintiff alleges he is presently incarcerated in the Cuyahoga County, Ohio jail "under a sham legal process," following his indictment on "20 year-old" rape charges, "filed one day past the expiration of the statute of limitations." (Doc. #1 at 3-4.) He contends Ms. Hall was appointed

to represent him in the state criminal proceedings, but instead filed "frivolous motions and actually argu[ed] and assist[ed] the prosecution's illegal detainment of plaintiff."[1] (*Id*. at 4.) Based the foregoing allegations, plaintiff contends Ms. Hall conspired with the prosecution to violate his civil rights and committed legal malpractice.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court must dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

## III. ANALYSIS

Before reaching the merits of a case, federal courts are obliged to ensure they enjoy subject matter jurisdiction. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal quotation marks omitted). A court must

---

[1] The publicly available records of the Cuyahoga County Clerk of Courts indicates there are currently two pending criminal cases against plaintiff: *State v. Steele*, No. CR-13-572269-A (Cuyahoga Cnty. Ct. C.P. filed on Mar. 6, 2013) (one count each rape and kidnapping) and *State v. Steele*, No. CR-13-575214-A (Cuyahoga Cnty. Ct. C.P. filed on June 11, 2013) (four counts each rape and kidnapping). *See* http://cpdocket.cp.cuyahogacounty.us/Search.aspx. According to the docket for case no. CR-13-572269, Ms. Hall was appointed to represent plaintiff on March 29, 2013. On June 3, 2013, the state trial court granted a request by plaintiff for new counsel, appointing substitute counsel.

raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction. *See Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999); *see e.g.* Fed. R. Civ. P. 12(h)(3) (providing that district court "must dismiss the action" whenever "the court determines at any time that it lacks subject matter jurisdiction").

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity of citizenship does not exist in this case as plaintiff alleges that both he and defendant are residents of Ohio. See 28 U.S.C. § 1332; *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (stating that federal courts only entertain jurisdiction of cases based on diversity of citizenship under § 1332 if there is complete diversity, *i.e.* where no plaintiff is the citizen of the same state as any defendant). Therefore, if federal jurisdiction exists in this case it must be because the case raises a federal question.

In "determin[ing] whether [a] claim arises under federal law," the Court looks only to the "well-pleaded allegations of the complaint and ignores potential defenses" that defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc) (internal quotation marks omitted). Here, plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Even so, however, plaintiff has failed to properly identify a federal question in this case.

Plaintiff's complaint does not contain a short and plain statement of the grounds for the Court's jurisdiction, as required by Fed. R. Civ. P. 8(a)(1). Instead, plaintiff checked a box

-3-

marked "Federal Question" as a basis for jurisdiction on the Civil Cover Sheet attached to his Complaint and identifies the Sixth, Fifth, and Fourteenth Amendments in his Complaint as grounds for relief. Thus, it appears that plaintiff is attempting to proceed under the Civil Rights Act of 1871, 42 U.S.C. § 1983.

To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is only applicable to private parties where the actions taken "can fairly be seen as state action." *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982). It is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 321 (1981). The defendant in this case was plaintiff's court appointed defense counsel. Merely being a participant in litigation does not make a private party a co-conspirator or joint actor with the state. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Further, there is no allegation that Ms. Hall exercised any powers that are traditionally exclusively reserved to the state. Consequently, plaintiff has no cause of action against her for violation of his civil rights under § 1983.

As discussed above, generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *Caterpillar Inc.*, 482 U.S. at 392. Neither of those two bases for jurisdiction are present here and, consequently, plaintiff's claims must be dismissed.

## IV. CONCLUSION

Accordingly, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). Further, The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3),that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

                                                     */s/Dan Aaron Polster 7/30/13*
                                                     **Dan Aaron Polster**
                                                     **United States District Judge**

---

[2] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."