**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES MICHAEL STEELE, | ) | CASE NO. 1:13 CV 1598 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| MARY ELAINE HALL, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

On July 30, 2013, the Court dismissed *pro se* plaintiff Charles Michael Steele's civil rights and legal malpractice Complaint against attorney Mary Elaine Hall for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e). (Doc. # 4.) Steele is currently incarcerated in the Cuyahoga County, Ohio jail. In his Complaint, Steele alleged that Hall rendered ineffective assistance of counsel in representing him in a state court criminal proceeding by filing "frivolous motions and actually arguing and assisting the prosecution's illegal detainment of plaintiff." (Doc. #1 at 3-4.) Steele requested monetary damages totaling $250,000.00 occasioned by defendant's failure "to perform her fiduciary duties thus committing legal malpractice . . . ." (*Id*. at 5.) The Court granted plaintiff's motion to proceed *in forma pauperis* and then dismissed his Complaint pursuant to § 1915(e), concluding Steele could not maintain a civil rights claim against his court appointed defense counsel as she had not acted under color of state law. The Court also noted it lacked subject matter jurisdiction over Steele's Complaint to the extent it could be construed as

an Ohio state law malpractice claim.

This matter is now before the Court upon plaintiff's timely motion for reconsideration seeking leave to "amend his original complaint with a more definite jurisdictional claim." (Doc. # 6 at 2.) For the reasons that follow, plaintiff's motion is **DENIED**.

## I. STANDARD OF REVIEW

After judgment has been entered, a complaint may not be amended without leave of court. *See* Fed. R. Civ. P. 15(a)(2). *See also Mitchell v. Cmty. Care Fellowship*, 8 F. App'x 512, 514 (6th Cir. 2001) ("A motion to amend a complaint may be considered by the district court even though judgment has already been entered." (citations omitted)). In *LaFountain v. Harry*, --- F.3d ----, 2013 WL 2221569 (6th Cir. May 22, 2013), the Sixth Circuit held that a court can allow a prisoner to amend his complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure, even if the complaint is subject to dismissal under the Prison Litigation Reform Act (PLRA). *Id.* at *5, *overruling McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Although motions to amend a complaint against a party are "freely" granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), "a district court should deny a motion to amend where the proposed amended complaint could not withstand a Fed. R. Civ. P. 12(b)(6) motion." *Massingill v. Ohio Adult Parole Auth.*, 28 F. App'x 510, 511 (6th Cir. 2002) (citation omitted). Further, in order for a complaint to be amended after final judgment has been entered, the plaintiff must also show that he is entitled to one of the grounds of relief set forth in Fed. R. Civ. P. 59 or 60. *See Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). Under Rule 59, a court may alter a judgment based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

prevent manifest injustice." *Id.* at 615. The more stringent post-judgment standard is designed to prevent plaintiffs from "[using] the court as a sounding board to discover holes in their arguments, then reopen[ing] the case by amending their complaint to take account of the court's decision." *Id.* at 616 (citing *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983) (Breyer, J.)). As discussed below, Plaintiff has not satisfied his burden under Rule 59.

### III. ANALYSIS

Plaintiff's motion for reconsideration faults the Court for dismissing his Complaint without first giving him an opportunity to clarify his jurisdictional allegations. However, as this Court observed in its Order dismissing this case, Plaintiff's civil rights claims are not cognizable under 42 U.S.C. § 1983 because it is clear defendant did not act under color of state law. *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981). Plaintiff does not, nor can he, establish that this Court erred in its judgment or that a manifest injustice will result if he is not permitted to proceed with this action.

The Complaint's conclusory allegations that counsel failed to represent Steele in a competent manner by filing frivolous motions and conspired with the state prosecutor would not survive a Rule 12(b)(6) motion to dismiss. To prove a civil rights claim under § 1983,[1] a

---

[1] Plaintiff's Complaint alleged violations of his civil rights under the Sixth and Fourteenth Amendments. In his motion for reconsideration, he objects to the Court's construction of these claims as arising under 42 U.S.C. § 1983. However, no private right of action arises directly under the United States Constitution, rather a plaintiff "complaining of a constitutional violation must utilize 42 U.S.C. § 1983." *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996) (quoting *Azul–Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992), citing *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) (noting that"where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violation")); *see also Valerio v. Dahlberg*, 716 F. Supp. 1031, 1036 (S.D. Ohio 1988) (dismissing a Fourteenth Amendment claim). Accordingly, Steele does not have an independent cause of action arising under the Sixth and Fourteenth Amendments.

plaintiff must establish that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) he was subjected to or caused to be subjected to this deprivation by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978).

First, it is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983. *Polk*, 454 U.S. at 321; *see also Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) ("Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding.") (citing *Polk*, 454 U.S. at 318). "Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes." *Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) (citing *Polk*, 454 U.S. at 318). Moreover, "mere recourse to state or local court procedures does not by itself constitute 'joint activity' with the state sufficient to subject a private party to liability under section 1983[.]" *Smith v. Hilltop Basic Res., Inc.*, 99 F. App'x 644, 646 (6th Cir. 2004) (quoting *Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991)). The Complaint contains no allegations from which it could be reasonably inferred that defendant Hall's alleged nonfeasance was attributable to the state. Instead, plaintiff faults Hall for filing unsuccessful pretrial motions and failing to secure the dismissal of the state criminal case against him. It is indisputable that Hall did not act under color of state law when she performed these traditional functions as counsel to Steele. *See Floyd, Cicchini,* and, *Smith, supra.*

Second, defendant did not deprive Steele of any federal right. The named defendant was simply not responsible for indicting Steele on "20 year-old" rape charges. Thus, plaintiff has no civil rights claim against Hall and no amendment could cure the Complaint's deficiencies and,

-4-

therefore, plaintiff's motion to amend must be denied. *See Hassink v. Mottl*, 47 F. App'x 753, 755 (6th Cir. 2002) (affirming dismissal of state prisoner's § 1983 claim against criminal defense counsel where defendant attorneys were not state actors and were not responsible for the denial of plaintiff's request for bond on appeal of a state court conviction); *White v. Robertson-Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001) (state prisoner's § 1983 action alleging two state public defenders failed to competently represent him failed to state a federal claim for relief); *White v. Downes*, No. 98-2227, 1999 WL 776298, at *1 (6th Cir. Sept. 22, 1999) (state prisoner failed to state cognizable § 1983 claim where complaint alleged defendant attorney rendered ineffective assistance of counsel in a state court criminal proceeding); *Groke v. Towns*, No. 98-1360, 1999 WL 195737, at *1 (6th Cir. Mar. 23, 1999) (state prisoner's civil rights conspiracy claim against appointed state trial court attorney properly dismissed as frivolous).

Moreover, even if the Court were to find that plaintiff could state a § 1983 civil rights claim against Hall, such a claim would call into question the fact or validity of his confinement and is therefore not cognizable in the absence of a showing that his conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of habeas corpus. *Downes*, 1999 WL 776259 at *1 (citing *Spencer v. Kemna*, 523 U.S. 1, 17 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *Robertson-Deming*, 2001 WL 549211 at *1 (citing *Heck*, 512 U.S. at 486-87). Indeed, the subject state criminal proceedings against plaintiff are still ongoing. *See State v. Steele*, No. CR-13-572269-A (Cuyahoga Cnty. Ct. C.P. filed on Mar. 6, 2013), available at

*http://cpdocket.cp.cuyahogacounty.us/Search.aspx.*

Finally, plaintiff cannot demonstrate that the Court could properly assume subject matter jurisdiction over that portion of his Complaint that can be construed as a state law claim for legal malpractice after concluding that there is no federal claim for relief. *See, e.g., Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

### IV. CONCLUSION

Accordingly, for all of the foregoing reasons, plaintiff's motion for reconsideration and for leave to amend his Complaint is **DENIED**. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

                                         */s/Dan Aaron Polster 8/6/13*
                                         **Dan Aaron Polster**
                                         **United States District Judge**

---

[2] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."